IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VIRGINIA JOHNSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARRAH'S KANSAS CASINO CORP., et al., )<br>)<br>Defendant. ) | Case No. 04-4142-JAR |

### **ORDER**

Pursuant to Fed. R. Civ. P. 26, this case comes before the court on the motion (**doc. 34**) of the defendant for a stay of all pretrial deadlines and further discovery in this case pending the ruling on defendant's motion to dismiss (doc. 24). Plaintiff has responded (doc. 40)[1] and defendant has replied (doc. 41).

The court may stay discovery if: (1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be

---

[1] The court first generally notes that the comments by plaintiff regarding defendant's conduct in this case goes far beyond effective advocacy and amount to nothing more than useless hyperbole. The time of all parties involved, including the court, would be better spent on addressing the merits of the motion. Also, the court specifically finds the allegations by plaintiff with regard to defendant's failure to provide meaningful discovery responses are unsubstantiated by anything in the record.

wasteful and burdensome.[2]  The decision whether to stay discovery rests in the sound discretion of court.  As a practical matter, this calls for a case-by-case determination.

As a general rule, discovery is not stayed in this district based merely on the pendency of dispositive motions.[3]  The court has carefully reviewed the record, the instant motion, and the pending motion to dismiss in this case.  While not opining on the merits of defendant's motion to dismiss, about which the court has some doubts, the issue that defendant raises is novel and does not appear to have been squarely decided by any court in this circuit.  The court finds it would be inefficient to proceed with discovery in this case in the event the court were to rule in defendant's favor.  Moreover, the court notes that neither party appears to be in a position to comply merits-based discovery and comply with the pretrial deadlines established in the amended scheduling order filed on May 17, 2005 (doc. 21).  Therefore, the court finds that a stay of all discovery and related pretrial deadlines is warranted until the court resolves defendant's pending motion to dismiss.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.	The above-referenced motion for a stay (**doc. 34**) is granted.

---

[2] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3] *See Kutilek*, 132 F.R.D. at 297 ("The general policy in this district is not to stay discovery even though dispositive motions are pending." (citing case law)).

2. All discovery and pretrial proceedings in this case are stayed until further order of the court.

3. Due to the court's ruling herein, defendant's second motion for extension of time **(doc. 43)** is rendered moot and thus, denied. The pretrial conference earlier scheduled for October 20, 2005 is cancelled. The May 16, 2006 trial setting is vacated.

Dated this 28th day of September, 2005, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge